IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY ALFRED JACOBS, § | | |
| SPN #2100542, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-10-2245 |
| § | | |
| TEXAS BOARD OF PARDONS § | | |
| AND PAROLES, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM AND ORDER**

The petitioner, Tommy Alfred Jacobs (SPN #2011542, former TDCJ #1427641), is an inmate in custody at the Harris County Jail. Jacobs has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, seeking relief in connection with a parole revocation proceeding. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

**I.     BACKGROUND**

Jacobs reports that he was convicted on March 5, 2007, of charges that he unlawfully possessed a controlled substance. The 405th District Court of Galveston County, Texas, sentenced Jacobs to serve three years' imprisonment in that case. In April of 2009, Jacobs was released from prison on parole. On October 20, 2009, the Texas Board of Pardons and Paroles issued a "blue warrant" for his arrest, citing his failure to abide by the terms and

conditions of his release. Jacobs does not specify the date of his arrest, but he remains in custody at the Harris County Jail.[1]

In an undated petition that is post-marked June 23, 2010, Jacobs now seeks a writ of habeas corpus to challenge the parole revocation proceedings that are pending against him. According to the pleadings, Jacobs's parole revocation hearing has not yet taken place. He argues, nevertheless, that the proceedings are improper because his underlying three-year prison sentence has expired and he is no longer on parole. Jacobs admits in his petition that he has not filed a motion or other application for relief in state court. It follows that the Texas Court of Criminal Appeals has not yet addressed the claims that he now attempts to raise on federal habeas review. Because the state's highest court of criminal jurisdiction has not yet adjudicated the merits of his claims, the pending federal petition must be dismissed at this time for reasons explained briefly below.

## II.  **EXHAUSTION OF REMEDIES**

Under the applicable federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v.*

---

[1]  Public records reflect that Jacobs is also in custody on charges of marijuana possession and charges of aggravated assault causing serious bodily injury. *See* Harris County Sheriff's Department, Inmate Information, www.hcso.hctx.net (last visited June 29, 2010).

*Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts."  *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)).  A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(b)(1)(C).  In Texas, a criminal defendant may challenge a conviction by taking the following paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d

708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Claims regarding parole revocation procedures are cognizable under Article 11.07 of the Texas Code of Criminal Procedure. *Ex Parte Evans*, 964 S.W.2d 643, 648 (Tex. Crim. App. 1998) (citing *Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995)). As with claims pertaining to a criminal trial, a prisoner must file an application for state habeas corpus relief in the court and county in which he was convicted. *See id.* (citing *Ex parte Woodward*, 619 S.W.2d 179 (Tex. Crim. App. 1981) and *Ex parte Alexander*, 861 S.W.2d 921, 922 (Tex. Crim. App. 1993)).

Jacobs concedes that he has not filed anything in state court to challenge the parole revocation proceedings that are pending against him and that he has not completed state habeas corpus review under Article 11.07 of the Texas Code of Criminal Procedure. Thus, he has not exhausted all available state remedies with respect to his claims. Because this process remains available, Jacobs does not demonstrate that he fits within a recognized exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has completed its review of the petitioner's claims. Therefore, the pending federal habeas petition must be dismissed as premature.

### III.  CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue in this case.

## IV.    CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1. The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on July 1, 2010.

_____
Nancy F. Atlas
United States District Judge